IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CORDAREAU NICARIO JACKSON,    )
                              )
                  Petitioner, )
                              )
v.                            )    No. CIV 22-321-RAW-GLJ
                              )
CHRIS ELLIOTT,                )
Wagoner County Sheriff,       )
                              )
                  Respondent. )

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Dkt. 13). Petitioner Cordareau Nicario Jackson is a pro se pretrial detainee in the custody of Respondent Sheriff Chris Elliott. On or about May 6, 2021, Petitioner was charged by Information with the felony offense of Assault and Battery with a Deadly Weapon in Wagoner County Case No. CF-2021-130. (Dkt. 13 at 11). He has not filed a response to Respondent's motion to dismiss.

Petitioner raises two grounds for habeas corpus relief:

**Ground I:**   On June 14, 2021, Petitioner was extradited from California to stand trial in Wagoner County, Oklahoma. He was arraigned, and bond was set at $100,000. He appears to be complaining that there have been no additional court proceedings in his case. (Dkt. 1 at 5).

**Ground II:**   Petitioner's counsel is ineffective. Petitioner asserts he has not seen his attorney, and the jail officials and district court are aware of this issue. "They" refuse to talk to him and continue to use punitive methods to retaliate against his grievances. These officials also refuse to provide him his due process rights under the Fourteenth Amendment. (Dkt. 1 at 7).

**Procedural History**

Respondent asserts that on June 14, 2021, Petitioner was appointed counsel and a plea of not guilty was entered on his behalf. His preliminary hearing was set for July 21, 2021, however, on that date, the preliminary hearing was passed by agreement to August 18, 2001. On August 18, 2021, Petitioner's court-appointed attorney, Lauren Blake, announced that she had a conflict and

requested that conflict counsel be appointed. Petitioner's matter was reset to September 8, 2021. On that date, Petitioner's appointed counsel was unable to appear because of illness, and the matter was reset to September 29, 2021. Again, on September 29, 2021, Petitioner's matter had to be continued because Petitioner's appointed counsel could not appear because of a sick family member. Therefore, Petitioner's matter was reset to October 27, 2021. (Dkt. 13 at 1-2 & 11).

On October 27, 2021; November 3, 2021; December 1, 2021; December 15, 2021; and January 9, 2022, Petitioner appeared through his counsel Lauren Blake. His case was reset by agreement of the parties on each date. On January 9, 2022, his case again was reset by agreement to February 23, 2022. On February 23, 2022, his matter was reset to March 2, 2022, because of inclement weather. On March 2, 2022, Petitioner again appeared through appointed counsel and his matter was reset by agreement of the parties to April 27, 2022, however, on April 27, it was rescheduled to June 8, 2022. On June 8, 2022, Petitioner's matter was reset to July 27, 2022, because appointed counsel was ill. (Dkt. 13 at 2, 11-12).

On July 12, 2022, Petitioner filed a Motion to Dismiss/Due Process Violation to Receive a Fast and Speedy Trial. On July 27, 2021, he failed to appear for a motion hearing, and the matter was continued to September 7, 2022. On September 7, 2022, Petitioner again appeared through court-appointed counsel, Lauren Blake, who announced she no longer would be requesting the court to appoint conflict counsel, and she would continue as Petitioner's counsel. Petitioner's case was reset to November 16, 2022. Petitioner's counsel was unable to attend court on November 16 because of a death in the family. Petitioner requested that new counsel be appointed, and Petitioner's matter was continued to January 4, 2023. On that date Petitioner's conflict counsel, Kyle Alderson, appeared on Petitioner's behalf. The matter was passed at the State's request to March 15, 2023, over Petitioner's objection.[1] (Dkt. 13 at 2-3, 12).

---

[1] Respondent states that the copy of Petitioner's docket sheet erroneously indicates that the State objected to a continuance of the matter, when it actually was Petitioner who objected. (Dkt. 13 at 3, 12).

**Exhaustion and *Younger* Doctrine**

Respondent alleges Petitioner has failed to exhaust the necessary state remedies for his claims. Further, Respondent does not waive exhaustion under 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Respondent also asserts the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971), applies to this case.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). In Oklahoma, a remedy for unlawful detention is available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, § 1344 ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in civil and criminal actions."). *See also* Okla. Stat. tit. 12, § 1331 ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A search of the Oklahoma State Courts Network (OSCN) at www.oscn.net indicates that Petitioner has not initiated in the Oklahoma Court of Criminal Appeals any proceedings concerning

Wagoner County District Court Case No. CF-2021-130.[2]  Therefore, the Court finds Petitioner has failed to exhaust the state court remedies for his habeas claims.

Furthermore, federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45.  The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45).  Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998). Because Petitioner's ongoing state proceedings meet the *Younger* criteria, the Court finds abstention from the state proceedings is required.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 13) is granted, this action is dismissed without prejudice, and Petitioner is denied a certificate of appealability.

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-750-HE, 2014 WL 5789744m at *1 n.1 (W.D. Okla. Nov. 5, 2014).

**IT IS SO ORDERED** this 12th day of September 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE